**UNITED STATES of America,**
**Appellee,**

v.

**Jean DEROSENA, Defendant–Appellant.**

**No. 05–0166–CR.**

United States Court of Appeals, Second Circuit.

May 23, 2006.

Sarah Y. Lai, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Karl Metzner, Assistant United States Attorney, of counsel) New York, NY, for Appellee.

David B. Epstein, Brooklyn, NY, for Appellant.

Present ROGER J. MINER, RICHARD C. WESLEY, Circuit Judges, and LAURA TAYLOR SWAIN, District Judge.[1]

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be **AFFIRMED** and the case be **REMANDED** to the district court for consideration of resentencing in light of *United States v. Crosby.*

On December 20, 2004, defendant-appellant Jean Derosena was convicted of one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371, and one count of bank fraud, in violation of 18 U.S.C. § 1344. Following conviction, Derosena was sentenced to a prison term of 27 months, to be followed by three years' supervised release, restitution in the amount of $70,094.62, and a $200 special assessment. On appeal, Derosena challenges both his conviction and his sentence. Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

### I

Derosena was convicted after a jury trial at which the Government presented evidence of both the conspiracy itself and the underlying bank fraud. The backbone of the Government's case consisted of the testimony of Derosena's nephew and co-conspirator (and also employee of the defrauded bank), Vitiello Ulysse. To corroborate this testimony, the Government in-

---

1. The Honorable Laura Taylor Swain of the United States District Court for the Southern District of New York, sitting by designation.

troduced cancelled checks related to the fraud, falsified business records related to the fraud, and a recording of a telephone conversation in which Derosena discussed the scheme with Ulysse. On appeal, Derosena raises three objections: first, he claims that the evidence was insufficient to sustain his conviction; second, Derosena argues that the district judge erred by allowing evidence of Derosena's prior bad acts; and third, Derosena challenges the sentence given by the district judge.

## II

Derosena bears a "very heavy burden" in challenging the sufficiency of the evidence underlying his conviction. *United States v. Desena*, 287 F.3d 170, 177 (2d Cir.2002). We will uphold a verdict if "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

First, Derosena raises a swarm of claims regarding the insufficiency of the evidence, most of which center around the Government's use of Ulysse's testimony. Derosena claims that Ulysse's testimony was insufficient as a matter of law because of purported inconsistencies and that "non-hearsay corroboration" was needed to legitimate the "co-conspirator hearsay." We find both of these objections to be without merit.

█ Second, Derosena also argues that the district judge improperly admitted evidence of his prior fraudulent acts. He maintains that the district court did not conduct the proper balancing under Federal Rule of Evidence 404(b), which requires the trial judge to weigh the probative value of the evidence against the potential prejudice to the defense. The district

judge considered the evidence *in limine* and decided to allow its introduction because it went to the knowledge and intent of the defendant. The judge thrice gave a limiting instruction to the jury, directing that the evidence only be considered for the proper purpose of establishing Derosena's knowledge and intent and for the purpose of showing a prior course of dealings between the conspirators. We find that the district court did not abuse its discretion in allowing this evidence, and thus, this decision by the court provides no basis for overturning the conviction.

█ Third, the defendant claims that his sentence was improperly enhanced based on a Report and Recommendation of the Probation Office. Here, the facts used to enhance the sentence were clearly relevant and were matters as to which evidence had been introduced at the trial, and the district court may, in its discretion, adopt a recommendation of the Probation Office in sentencing. Thus, we find that the court did not abuse its discretion in considering this evidence.

Finally, the defendant argues that his case should be remanded for resentencing because he was sentenced before the Supreme Court decided *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We agree that a remand for reconsideration of his sentence is appropriate. *See United States v. Crosby*, 397 F.3d 103, 119 (2d Cir.2005).

## III

For the foregoing reasons we AFFIRM the district court's judgment of conviction; however, we REMAND for consideration of resentencing in accordance with *United States v. Crosby*.